

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2008

# USA v. Hodge

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1810

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hodge" (2008). *2008 Decisions.* Paper 1281.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1281

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1810

———————

UNITED STATES OF AMERICA

v.

DEVIN HODGE

Appellant

———————

On Appeal from the District Court
of the Virgin Islands
No. 99-cr-00006-3
District Judge: Hon. Anne E. Thompson

———————

Submitted under Third Circuit LAR 34.1(a)
on December 13, 2007


Before: SMITH, NYGAARD and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 1, 2008)

———————

O P I N I O N

———————

**ROTH,** <u>Circuit Judge</u>:

Devin Hodge appeals from a final judgment of sentence entered by the District Court of the Virgin Islands. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the legality of a waiver of appeals provision in a plea agreement *de novo*. <u>United States v. Khattak</u>, 273 F.3d 557, 560 (3d Cir. 2001). For the reasons stated below, we will affirm the judgment imposed by the District Court.

On November 22, 2006, Hodge pled guilty to one count in an indictment charging murder with a firearm and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 924(j)(1). The written plea agreement filed with, and accepted by, the District Court stated that such charge "carries a maximum possible sentence of death, and a minimum sentence of any number of years or life imprisonment." The plea agreement also contained a waiver of appeal provision stating, in pertinent part, as follows:

The defendant is aware that [18 U.S.C. § 3742] affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in [18 U.S.C. § 3742] or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. However, if the Defendant is sentenced to a term of

2

life imprisonment, defendant reserves the right to appeal that sentence....

On March 2, 2007, Hodge was sentenced to 450 months imprisonment, five years supervised release, no fine and a $100.00 special assessment. On March 8, 2007, Hodge timely appealed, asserting the following arguments: (1) the District Court committed clear error by treating the United States Sentencing Guidelines as mandatory rather than advisory, in contravention of <u>United States v. Booker</u>, 543 U.S. 220 (2005); (2) the District Court committed clear error when it increased the total offense level by two points on the basis of Hodge's role in the offense, thereby implicating a guideline range between 360 months to life imprisonment rather than the lower guideline range of 325 to 405 months; and (3) the sentence imposed amounted to a miscarriage of justice rendering Hodge's waiver of his right to appeal the sentence unenforceable.

We conclude that the waiver of appeals provision precludes us from addressing the merits of Hodge's appeal. <u>See</u> <u>Khattak</u>, 273 F.3d at 560. First, Hodge does not claim he misunderstood his waiver, nor does he challenge the language of his plea agreement. <u>See</u> <u>id.</u> Second, the plea colloquy was in compliance with Federal Rule of Criminal Procedure 11. <u>See</u> <u>id.</u> at 563. The District Court judge inquired as to Hodge's understanding of his waiver and its effects, and Hodge received a sentence well within the terms of his plea agreement. <u>See</u> <u>id.</u> at 560-61, 563. Third, Hodge presents no set of circumstances that would make his waiver unknowing or involuntary. <u>See</u> <u>id.</u> at 563. Finally, as we have stated before, "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which

he or she waives the right to appeal, the defendant is not entitled to resentencing in light of Booker." United States v. Gwinnett, 483 F.3d 200, 205 (quoting United States v. Lockett, 406 F.3d 207, 214 (3d Cir. 2005)). Because we see no miscarriage of justice here, we will enforce Hodge's waiver of his right to appeal and we do not reach the merits of Hodge's claims. See id. at 206.

For the foregoing reasons, we will **affirm** the judgement of the District Court.