NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1246
_____

UNITED STATES OF AMERICA

v.

IRVINE HODGE, JR.,
Appellant

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-99-cr-00006-002
District Judge: The Honorable Anne E. Thompson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 7, 2012

Before: SMITH, HARDIMAN, and ROTH, *Circuit Judges*

(Filed: December 20, 2012)
_____

OPINION
_____

SMITH, *Circuit Judge.*

In April 2000, Irvine Hodge, Jr., and his younger brother, Devin Hodge, accepted a "package" plea deal and pleaded guilty to murdering the owner of a jewelry store in violation of 18 U.S.C. § 924(j)(1). The package plea agreement

provided that the government would make "no specific sentencing recommendation other than to request that the sentence be within the guideline range." Thereafter, the District Court held a joint hearing and sentenced both Irvine and Devin to life imprisonment. Devin argued on direct appeal that the government had breached its plea agreement at sentencing by implicitly requesting a life sentence. *United States v. Devin Hodge*, 412 F.3d 479, 484 (3d Cir. 2005). We agreed, vacated Devin's sentence, and remanded the matter to the District Court to determine whether it should grant specific performance of the plea agreement or allow withdrawal of the guilty plea. *Id.* at 486-87.

Irvine failed to file a notice of appeal, but he did seek collateral relief under 28 U.S.C. § 2255, raising the same argument put forth by his brother. We concluded that Irvine demonstrated cause and prejudice for the failure to file a direct appeal. *United States v. Irvine Hodge*, 554 F.3d 372, 379 (3d Cir. 2009). As a remedy, we vacated his sentence, remanded Irvine's case to the District Court, and instructed the District Court to re-enter the same sentence so that Irvine could file a timely direct appeal. *Id.* at 382.

On remand, the District Court re-imposed Irvine's life sentence. This time, Irvine filed a timely appeal, raising the argument that his brother Devin had successfully pressed. We agreed that the government had treated Irvine in the same manner as it had treated Devin. *United States v. Irvine Hodge*, 389 F. App'x

96, 102 (3d Cir. 2010). Accordingly, we determined that the government had breached its package plea agreement with Irvine just as we had held on Devin's direct appeal. Likewise, we vacated Irvine's life sentence and remanded the case to the District Court to determine whether to order specific performance of the package plea agreement or to allow Irvine's withdrawal of his guilty plea. *Id.* at 104.

In the meantime, Devin Hodge withdrew his guilty plea, and entered a second guilty plea pursuant to a new plea agreement. The District Court imposed a sentence of 450 months of imprisonment. *See Devin Hodge v. United States,* 276 F. App'x 120, 121 (3d Cir. 2008).

Irvine sought the same treatment that his brother Devin had received. On remand, Irvine filed a motion seeking to withdraw his guilty plea. *See* Def.'s Mot. Withdraw, *United States v. Irvine Hodge*, No. 3:99-cr-06-2 (D.V.I. May 4, 2011, 2011), ECF No. 278. At a hearing on the motion, Irvine renewed his request to withdraw his guilty plea. In response, the government acknowledged that some deference should be given to the defendant's choice of remedy. But the government emphasized that the defendant's choice was not absolute. It explained the difficulty that would arise if the case proceeded to trial because the victim's wife, a second victim of the shooting, and an eyewitness were no longer residing in the Virgin Islands. The District Judge, who had not presided over this prosecution

3

in the first instance, asked if Irvine had confessed during the earlier proceeding. The government advised that Irvine had not confessed, but that he had made a statement at the change of plea proceeding. The government further noted that the Third Circuit had not found any deficiency in the plea proceeding and that Irvine had not asserted his innocence since his life sentence was vacated.

Defense counsel advised that Irvine still wanted to withdraw his guilty plea. After a brief recess, counsel pointed out that the District Judge had presided over Devin's case on remand and had determined that the appropriate remedy in Devin's case was to allow him to withdraw his guilty plea. In light of that, Irvine's counsel urged the District Judge to permit Irvine to likewise withdraw his guilty plea. But, as the government rejoined, there was already a new plea agreement between the parties in Devin's case.

The District Judge acknowledged that she had presided over Devin's case on remand. Although she was unable to recall the exact sequence of events, she was aware that Devin had not sought a new trial, but only to avoid a life sentence.

Before ruling on Irvine's motion to withdraw his guilty plea, the District Judge appropriately noted the applicable legal authority in *Santobello v. New York*, 404 U.S. 257, 263 (1971), and *United States v. Moscahlaidis*, 868 F.2d 1357, 1363 (3d Cir. 1989), and that it is the trial court that must determine whether to remedy the government's breach of a plea agreement by requiring specific performance of

4

the plea agreement or by allowing the defendant to withdraw his guilty plea. Irvine, the District Judge observed, had fired the fatal close-range shot to the store owner's head and pleaded guilty. Yet he sought to withdraw his plea, not because of a defect in that change of plea proceeding, but because of the error that occurred at sentencing. In light of the circumstances, the Court concluded that specific performance was the appropriate remedy.

*Santobello* instructs that the specific performance remedy requires assigning the matter to a new judge for resentencing. 404 U.S. at 263. Because the District Judge had not imposed the original sentence on the brothers, the parties agreed to have the District Judge impose Irvine's new sentence.

At resentencing, Irvine objected only to a minor item in the presentence report that is not material to this appeal. Irvine's offense level of 40 and criminal history category of II yielded a guideline range of 324 to 405 months. After hearing argument on the 18 U.S.C. § 3553 sentencing factors and noting that the guidelines were only advisory, the Court imposed an above-guidelines sentence of 410 months of imprisonment. It explained that the sentence reflected Irvine's greater culpability as the "trigger man." In addition, the Court directed that his sentence be served concurrently with a separate sentence for an earlier robbery of the same jewelry store. Subsequently, the Court issued an amended judgment, changing Irvine's term of imprisonment from 410 months to 405 months.

5

A timely appeal followed.[1] Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), contending that there were no nonfrivolous issues to present on appeal. After setting forth an overview of the facts and the procedural history, counsel noted that the only issue he could present on appeal was that the District Court erred by concluding that specific performance of the plea agreement was the appropriate remedy for the government's breach of the plea agreement. Counsel correctly noted that, under *Santobello*, it is the trial court that must exercise discretion in selecting the remedy for the government's breach of the plea agreement. 404 U.S. at 263. Under the circumstances and in light of the deferential standard of review, counsel concluded that the issue of whether the Court had abused its discretion in ordering specific performance was frivolous.

In accordance with Third Circuit L.A.R. 109.2(a), the Clerk advised Irvine that he could submit a pro se brief. Irvine did so, and he argued that the District Judge erred by deciding that specific performance was the appropriate remedy. He faulted the District Judge for relying on her memory of what occurred on remand with his brother Devin's case. He asserted that the District Judge's recollection was incorrect and that his brother had been allowed to withdraw his plea. Irvine stated that his case should be remanded so he could withdraw his plea just as his

---

[1] The District Court exercised jurisdiction under 48 U.S.C. § 1612 and 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

6

brother Devin had done.

When counsel submits an *Anders* brief, our inquiry is "twofold:" (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). For that reason, we consider whether counsel has adequately examined the record in search of appealable issues and whether he has sufficiently "explain[ed] why the issues are frivolous." *Id.* (citing *Marvin*, 211 F.3d at 780).

We are mindful of Irvine's contention that the District Judge erred by relying on her recollection because it was incorrect. The Judge's recollection, however, was not erroneous with respect to Devin's intention to maintain his plea of guilty. Because the parties had already resolved the approach they would take on remand in Devin's case, the District Judge did not have to weigh the circumstances and determine the appropriate remedy for the government's breach of the plea agreement. As a consequence, the course taken in Devin's case was not instructive.

Here, the record demonstrates that there was no agreement between the parties regarding how to proceed on remand. Furthermore, it appeared to the District Judge that Irvine wanted to withdraw his guilty plea in order to proceed to

trial. The Judge appropriately considered the lack of any deficiency in the change of plea proceeding and the extent of Irvine's culpability for the crime to which he pleaded guilty. In concluding that specific performance was the appropriate remedy, the District Judge adhered to our instructions in the mandate, took account of all of the circumstances, considered the consequences of the two remedies, and exercised her discretion by requiring specific performance of the plea agreement to murder. Therefore, the District Judge did not abuse her discretion by ordering specific performance.[2]

In sum, we conclude that Irvine's counsel fulfilled his obligation of examining the record in search of appealable issues. Because our independent review has not revealed any issue of arguable merit, we will affirm the judgment of the District Court. We also grant counsel's motion to withdraw. Furthermore, we certify that the issue presented in the appeal lacks legal merit and does not require counsel to file a petition for a writ of certiorari with the United States Supreme Court.

---

[2] Neither Irvine nor his counsel challenged his sentence. His counsel noted that the sentence was within the guidelines range. Our independent review of the record fails to reveal any basis to argue that the sentence was either procedurally or substantively unreasonable.

8